## Commonwealth *v.* Beard, Appellant.

Submitted December 9, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Mervyn R. Turk,* Assistant Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, March 20, 1969:
Order affirmed.

---

Dissenting Opinion by Hoffman, J.:

In 1964, appellant was convicted of Robbery after a jury trial where he was represented by privately retained counsel.

After judgment of sentence was entered, a motion for a new trial was argued by appellant's trial counsel and dismissed by the lower court en banc. No timely appeal was taken from this dismissal. On July 19, 1967 appellant filed the present action under the Post Conviction Hearing Act. The petition was dismissed without a hearing by the lower court but this Court, in *Commonwealth v. Beard*, 211 Pa. Superior Ct. 756, 237 A. 2d 616 (1968), remanded the record to the lower court with instructions to "hold an evidentiary hearing, with counsel, in order to determine whether appellant knowingly and intelligently waived his right to counsel on appeal. If the court finds that the right to counsel on appeal was not waived, appellant shall be permitted to appeal nunc pro tunc and counsel shall be appointed to represent appellant in prosecuting that appeal."

At the hearing held pursuant to this order the lower court found that appellant had intelligently waived his right to counsel on appeal and dismissed his petition. This appeal which attacks that finding follows.

The only witnesses at the evidentiary hearing below were appellant and his trial counsel.

The trial counsel testified that he had informed appellant, by letter, that he was in the process of perfecting an appeal to this court. Counsel abandoned the case, and never perfected the appeal, however, because he was neither reimbursed for expenses nor paid his

fees. Counsel testified that in a letter to appellant "I stated that I sincerely believed that the Judge erred in several instances and that the Superior Court would so find and would order a new trial. The decision is up to you, however, and those who will be required to pay for the costs and fees for the appeal to the Superior Court. . . . I then heard nothing further from (appellant) until I received a letter from him from the State Correctional Institution at Gratersford, in which he did in fact state that he was somewhat confused about the status of his matter, because as was evident in my previous letter, I had made reference to fees and expenses for which I had not been reimbursed, although I knew that and (appellant) knew that certain moneys had been sent to his wife for partial payment of fees and his wife never turned those funds over to me. And this was part of (appellant's) problem, a lack of co-operation from people who were supposed to be helping him. . . . This letter indicated to me that Mr. Beard did in fact believe that there was an appeal, had been an appeal pending in the Superior Court."

But, by this time, the statutory time for taking an appeal to this court had lapsed and the trial counsel withdrew formally from the case. It is evident from this record that appellant was without ready funds at the time he thought his counsel was perfecting his appeal to this court. Also, it is clear that his counsel abandoned his appeal because of his indigency. Finally, there is no on-the-record indication that appellant was ever informed that he was entitled to have a free counsel to assist in his appeal if he were indigent.

Therefore, in my view, *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A. 2d 446 (1968), requires that we find that appellant never knowingly waived his right to counsel on appeal. "[A]s a matter of law there

cannot be a finding of a knowing and intelligent waiver of the right to counsel unless the accused shall have been explicitly informed that he is entitled to *free* counsel if he is indigent." p. 275.

I would vacate the dismissal of the petition below and allow an appeal on the merits nunc pro tunc.

JACOBS and SPAULDING, JJ., join in this dissenting opinion.