**UNITED STATES of America,**
**Appellee,**

v.

**Robert J. COHEN, Appellant.**

**No. 19443.**

United States Court of Appeals
Eighth Circuit.

Dec. 18, 1969.

———◆———

Alan E. Peterson, Lincoln, Neb., for appellant.

Duane L. Nelson, Asst. U. S. Atty., Omaha, Neb., for appellee; Richard A. Dier, U. S. Atty., and Roger L. Sherman, Atty., Dept. of Agriculture, Kansas City, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

This case comes to us on appeal from the judgment, entered on a jury verdict, finding appellant guilty of willfully removing, disposing of, and converting to his own use a quantity of wheat having a value in excess of $500 which had been mortgaged and pledged to the Commodity Credit Corporation, in violation of 15 U.S.C. § 714m(c). The dispositive question presented is whether the district court violated appellant's Sixth Amendment right to assistance of counsel in defense of the charge.

The indictment was filed on December 5, 1967. Appellant appeared for arraignment on December 18, without counsel. Pertinent to the issue presented here is what transpired at that time, shown by the following excerpts from the arraignment transcript:

"Q. [By Mr. Nelson, assistant United States Attorney] All right. Now before proceeding any further we note you are appearing in Court without an attorney. Do you have an attorney to represent you in this case?

A. [By appellant] No.

Q. Do you have money with which to hire an attorney if you desired one?

A. Well, not that hasn't been committed.

Q. [By the District Court] What do you mean by that? I don't understand it.

A. Well, I am buying some land, and I put up all my belongings for security.

Q. But you do have some land?

A. Yes.

Q. How much?

A. More than 160 acres.

Q. How much more?

A. 1,520 acres.

Q. And located where, Hayes County or Lincoln County—?

A. Lincoln and Hayes County; and Colorado.

Q. Well then the fact of the matter is you have got money enough to hire a lawyer.

A. I wouldn't say that, your Honor.

 * * * * * *

Q. * * * I think you should consider the question of whether you shouldn't hire counsel. And I have a notion, having been raised in the adjoining county of the counties you have mentioned that if you have as much land as you have there you could hire counsel if you wanted to.

A. Well, I wouldn't—I don't think it would be very wise to be lying to you, your honor if I had the money I have this committed. * * * *"

The district court made no further inquiry into the actual financial status of appellant. Rather, the court apparently assumed that appellant could not qualify for appointed counsel as an indigent, since he had indicated that he held an equity in 1,520 acres of land. Appellant entered a plea of not guilty, and the court stated that the case would be tried early in 1968. Appellant was particularly admonished by the judge several times in the course of the arraignment hearing to employ private counsel to represent him.

On April 23, 1968, the date set for trial, appellant appeared with an attorney. The latter moved for a continuance. After colloquy between the court and the attorney, the court was informed that appellant now desired to enter a plea of guilty as charged. Following a searching probe of appellant as to the voluntariness of his guilty plea, however, the court concluded that the change of plea was not in fact truly volitional and therefore was not acceptable. Following a brief recess during which appellant and the attorney conferred outside of the courtroom, the attorney was permitted to withdraw from the case upon oral motion. The trial was continued to May 1, but the court emphatically informed appellant that it would countenance no further delay and the case would be tried on the specified date. Appellant was again urged to employ counsel, but the court cautioned him that if he failed to do so, he would have to represent himself at the May 1 trial. The court did not inquire of appellant at this proceeding whether he was able to retain counsel, apparently standing upon its earlier assumption that appellant was not in fact an indigent.

The case went to trial as scheduled on May 1. Appellant, having failed to retain counsel, attempted to represent himself. The trial was concluded on May 3, and, as stated, the jury found appellant guilty as charged. Thereafter, the court sentenced appellant to imprisonment for 2 years, providing that execution of all but 4 months of the sentence would be suspended. Appellant was also placed on probation for a period of 3 years, to commence following service of the 4-month term.

After filing timely notice of appeal, appellant petitioned this court to appoint counsel to represent him on appeal. In support of this petition, appellant executed a CJA Form 3a, "Affidavit of Financial Status," which shows that, as of July 29, 1969, appellant "Has indefinite 'equity' in 1520 Acres; not presently the owner; may have a cause of action against titled owner. Has interest in ASCS 'wheat certificates'—face value $4100. May be disputed, however." The remainder of the affidavit indicated that the 7 acres owned by appellant at his homesite had an estimated value of $500–750 and was encumbered by a tax lien for $560, that his 1964 automobile was mortgaged for an outstanding bank loan in excess of $1,000, that he was otherwise indebted for approximately $10,750, and that he had only $200 cash on hand. On the basis of this affidavit, which has never been controverted by the government, this court appointed an attorney to represent appellant on appeal, pursuant to the Criminal Justice Act of 1964, 18 U.S.C. § 3006A. In addition to the information submitted to this court by appellant in support of his application for appointment of counsel, we were informed at oral argument that the 1520 acres were under mortgage at the time the indictment was filed. Moreover, the assistant United States Attorney who prosecuted the charge and argued this appeal indicated at oral argument that his office was aware of the fact that foreclosure proceedings were imminent or in process when the case was tried.

 The Sixth Amendment as interpreted by the Supreme Court entitles a defendant in Federal court who is unable to retain private counsel in defense of a felony charge to the services of an attorney appointed by the court. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Rule 44, Fed.R. Crim.P. This right to counsel may be waived, but such a waiver is not valid unless the defendant has been informed of his right to appointed counsel and then intelligently and understandingly rejects the offer in clear and unmistakable language. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948); Glasser v. United States, 315 U.S. 60, 69–71, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, supra at 464–465 of 304 U.S., 58 S.Ct. 1019. Any waiver must clearly appear on the record.

"Presuming waiver from a silent record is impermissible. The record must

show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

In this case, the record clearly reveals and the government concedes on appeal that, contrary to the statement of the district court in its final judgment order, the appellant at no time waived his right to appointed counsel. Indeed, the record reflects that appellant made efforts to retain counsel and obviously desired to be fairly represented at trial.

█ The government, however, argues that appellant was not entitled to appointment of counsel because he was not an indigent within the meaning of the Criminal Justice Act of 1964 and the Sixth Amendment. But indigency in that sense is not necessarily equatable with destitution. Rather, the status comprehended is a more realistic one. The plan for implementation of the Criminal Justice Act of 1964 adopted by the District Court for the District of Nebraska pursuant to 18 U.S.C. § 3006 A(a) and approved by the judicial council of this circuit provides:

"The term 'financial inability,' as considered for the purposes of this plan, does not mean indigency. The defendant does not have to be destitute to be eligible for an appointment of counsel. The Judge * * * need only be satisfied that the representation essential to an adequate defense is beyond the means of the defendant."

█ As we have shown, the appellant clearly indicated at arraignment that he was unable to employ private counsel because his existing assets were then "committed." At that juncture, the district court was under a duty to make further inquiry, by whatever means appropriate, into appellant's financial condition in order to satisfactorily determine whether his apparent assets in the form of an unspecified interest in real estate so exceeded his outstanding liabilities that he could *in fact* afford to employ an attorney. See Wood v. United States, 389 U.S. 20, 88 S.Ct. 3, 19 L.Ed.2d 20 (1967), rev'g per curiam 373 F.2d 894 (5th Cir. 1967), on remand, 387 F.2d 353 (5th Cir. 1968); Cuevas v. Wilson, 264 F.Supp. 65, 71-72 (N.D.Cal.1966). The Criminal Justice Act of 1964 provides that the court, "if satisfied after *appropriate inquiry* that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him." 18 U.S.C. § 3006A(b) (emphasis added). The assumption of adequate liquidity from appellant's bald statement of "I am buying some land," coupled with the court's personal knowledge of land values in the area of appellant's acreage, is not a sufficiently "appropriate inquiry" to ensure the appellant's Sixth Amendment rights. In light of the uncontroverted showing of appellant's indigency in this court, "the record does not convincingly show that there was adequate inquiry into the question of [appellant's] financial ability to retain counsel, * * *." Wood v. United States, 389 U.S. at 20-21, 88 S. Ct. at 4.

The judgment is therefore reversed and the cause is remanded to the district court for a new trial. Upon remand, the district court shall appoint counsel to represent appellant at the new trial unless, after full and adequate inquiry, it appears that appellant is then in a position to afford private counsel of his own choice. We pretermit decision on the issue of the admissibility of appellant's alleged incriminating statements to a government investigator, without prejudice to a determination of that issue by the district court at the new trial.

Reversed and remanded for new trial.