**UNITED STATES of America ex rel. Malachi BEARD, Jr.**

v.

**Alfred T. RUNDLE, Supt., Appellant.**

**No. 18810.**

United States Court of Appeals, Third Circuit.

Argued Sept. 30, 1970.

Decided Dec. 4, 1970.

Vram Nedurian, Asst. Dist. Atty., Appeals Div. (Stephen J. McEwen, Jr., Dist. Atty., on the brief), for appellant.

Jacob P. Hart, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellee.

Before GANEY, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

ALDISERT, Circuit Judge.

Finding that defendant was indigent following conviction, and that he did not know, and was not told by his privately retained attorney, of the right to ap-

---

pointed counsel on appeal, the district court granted a writ of habeas corpus. The Commonwealth has appealed, urging reversal on the basis of our recent decision in United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3 Cir.1970).

The district court's decision, which antedated our opinion in *O'Brien*, relied on United States ex rel. Smith v. McMann, 417 F.2d 648, 654 (2 Cir.1969), in which the Second Circuit held that the state is obligated "to warn every person convicted of crime of his right to appeal and his right to prosecute his appeal without expense to him by counsel appointed by the state, if he is indigent". In following the Second Circuit's rule, the district court specifically rejected the contrary position of the Fifth Circuit announced in Pate v. Holman,. 341 F.2d 764 (5 Cir.1965).

In *O'Brien*, however, we reached the opposite conclusion, disapproving the Second Circuit's rule and adopting the reasoning of the Fifth Circuit. We held that "appellant was not denied equal protection where he was represented at trial by private counsel and the state had no information or notice that the services of court-appointed counsel might be required for appeal." 423 F. 2d at 872. Thus, the district court's disposition of this issue is at odds with this court's subsequent resolution of the matter.

■ Recognizing this, defendant urges that *O'Brien* should apply only to cases which were final prior to Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), which held that the state must provide indigent defendants with the assistance of counsel on direct appeal. But whether that approach in *O'Brien* which dealt with indigency is at all apposite here depends on a preliminary determination whether defendant was in fact indigent following his trial and conviction. It is to this question we now turn.

The evidentiary hearing before the district court disclosed that defendant's wife was his only dependent, that he had been earning approximately $7,800 per year, at the rate of $150 per week, in construction work, that he had worked steadily during his enlargement on bail pending sentencing, and that at the time for perfecting an appeal in 1964 he was the owner of a Chevrolet truck, a 1961 Chrysler automobile, and certain real estate. It was also shown that his private trial counsel had charged him the sum of $300 for the defense of the two indictments. This fee reflected two weeks' earnings of the defendant.

Given a full opportunity at hearing to establish the fact of his indigency, defendant failed to make the required showing. The record is utterly barren of any evidence showing the amount of his savings or debts, if any, or the market value of, or the extent of financial encumbrances upon, his Chevrolet truck, his 1961 Chrysler or his real estate.[1] We hold that on such a record there was no basis for a finding of indigency, and that the district court's finding that the defendant was an indigent following trial was clearly erroneous. Fed.R.Civ. Pro. 52(a). Thus, that portion of our holding in *O'Brien* which was based on the assumption that defendant was indigent has no application to our decision in the present case.

■ Defendant offers a second argument for sustaining the issuance of the writ by the district court. He contends that a post-trial letter[2] from his pri-

---

1. See United States v. Cohen, 419 F.2d 1124 (8 Cir. 1969), arising out of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, where defendant demonstrated that there was a question of title to certain farmland, that the seven acres which constituted his homesite had an estimated value of $500–700 but was encumbered by a tax lien for $560, that his outstanding bank loan on his 1964 car was in excess of $1,000, and he was otherwise indebted for approximately $10,750.

2.         November 2, 1964
Dear Mr. Beard:
  I am very sorry to inform you that Judge Catania dismissed our motion for a new trial, which I argued several

vately retained counsel, discussing the possibility of an appeal to the Superior Court of Pennsylvania, was capable of such a degree of misimpression that counsel's conduct departed from the "range of competence demanded of attorneys in criminal cases," McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and amounted to a constitutional deprivation of counsel under the Sixth and Fourteenth Amendments. We have no occasion to decide this question, however, because an examination of the records in both the district court and the Pennsylvania state post-conviction proceedings convinces us that defendant has failed to exhaust his state remedies on this precise issue as required by 28 U.S.C. § 2254(b).

In his first post-conviction application, filed on May 4, 1967, at 447 June Sessions 1964, Delaware County, Pennsylvania, defendant registered a checkmark on a printed form indicating "[t]he denial of my constitutional right to representation by competent counsel." In his own words he explained: "Counsel actually suppressed my right to appeal without my knowledge." This petition was dismissed by the court, without a hearing, in an opinion from which no appeal was taken.[3]

A second post-conviction petition followed on July 10, 1967, and again a checkmark was made on the printed form. Augmenting the general allegation in this second petition, defendant assigned eleven specific instances of ineffective assistance of counsel during trial. A twelfth allegation made reference to the appeal:

> k. Counsel did not advise petitioner had an absolute right to direct appeal whether he had funds or not, and petitioner did not knowingly and intelligently waive his right to an appeal. In fact counsel abandoned petitioner because he had no additional funds. See attached copies of letters A-1[4] and A-2.[5]

weeks ago after handing up a brief setting forth our position. You will undoubtedly be brought to Broadmeadows Prison shortly, as you will be brought into the Court in Media for sentence on November 6, 1964. It is not likely that Judge Catania will reduce your sentence.

I sincerely believe that the Judge erred in several instances and that a Superior Court would so find and would order a new trial. The decision is up to you, however, and those who will be required to pay the costs and fees for the appeal to the Superior Court.

I regret to inform you that I have not received one single penny on account of my fee for filing the appeal in the Superior Court to protect the record (and it is a good thing that I did so), for filing the petition to remand the matter to the lower court, giving us the right to argue the case there, for going up to the city of Frackville to have the order signed by a Superior Court Judge who agreed that bail be fixed in the amount of $7500 (instead of $10,000, which would have been fixed by Judge Catania), for doing the research, preparing the brief and arguing the new trial in the lower court. In addition, I have incurred the sum of $212 in costs and I have not received one single penny on account of this either. I am sending a copy of this letter to your wife, and your brother Phinezy. Both of them communicated with me on several occasions about two months ago, but I have heard nothing since. I am also sending a copy of this letter to Gilbert Harris, Esq. and also to Albert N. Herskowitz, Esq., an attorney and father of one of your witnesses, as he too has phoned me.

3. Unless a relator appeals the denial of his state court petition to the state's highest court, it cannot be said he has exhausted his state remedies. Ex parte Davis, 318 U.S. 412, 63 S.Ct. 679, 87 L.Ed. 868 (1943). Conversely, "once a habeas corpus petitioner's contentions have been presented to, and considered by a state's highest court, * * * the petitioner must be regarded as having exhausted available state remedies. Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed. 2d 1358 (1968); Roberts v. La Vallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967)." U. S. ex rel. Howard v. Russell, 405 F.2d 169, 170 (3 Cir. 1969).

4. See footnote 2, *supra*.

5.          March 12, 1965.
Dear Mr. Beard:
This will acknowledge receipt of your letter dated March 10, 1965.

This second petition for post-conviction relief was denied without hearing in an opinion from which an appeal was taken to the Superior Court of Pennsylvania.

In Commonwealth v. Beard, 211 Pa. Superior Ct. 756, 237 A.2d 847 (1968), the Superior Court decided:

> In accordance with Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963) and Commonwealth ex rel. Cunningham v. Maroney, 421 Pa. 157, 218 A.2d 811 (1966), the record is remanded to the court below with instructions to hold an evidentiary hearing, with counsel, *in order to determine whether appellant knowingly and intelligently waived his right to counsel on appeal.* If the court finds that the right to counsel on appeal was not waived, appellant shall be permitted to appeal nunc pro tunc and counsel shall be appointed to represent appellant in prosecuting that appeal. (Emphasis supplied.)

On remand, this colloquy opened the evidentiary hearing conducted on April 5, 1968:

Court Appointed Counsel:

> The purpose of this hearing, the Superior Court remanded it for an evidentiary hearing *to decide whether he had knowingly and intelligently waived his right to counsel on appeal.* I believe we are limited to that in the Order, and in your Order also. (Emphasis supplied.)

The Court:

> Yes, that is right. It is a narrow issue framed by the Superior Court.

After testimony was taken, the court dismissed the petition, concluding: "This court finds that defendant was properly advised by counsel of record *that he had the right to be represented by counsel upon appeal* and that this right was known to the defendant and intelligently waived by him." (Emphasis supplied.)

Defendant again appealed to the Superior Court which affirmed the judgment of the court below, Commonwealth v. Beard, 214 Pa. Superior Ct. 142, 251 A. 2d 806 (1969), three judges dissenting. Allocatur to the Pennsylvania Supreme Court was denied June 26, 1969.

We have reviewed the state record in order to decide the correctness of the district court's finding that defendant exhausted his state remedies only on the issue certified to the post-conviction court by the Superior Court: "to determine whether appellant knowingly and intelligently waived his right to counsel on appeal." Commonwealth v. Beard, *supra.* We agree with the district court's conclusion that there has been no state exhaustion on any other issue.

Accordingly, we do not decide the question whether defendant's private counsel failed properly to inform his client whether an appeal was being processed and, if so, whether this would

---

It would appear to me that the time for taking an appeal to the Superior Court has passed. My previous petition to the Superior Court "to protect the record" was to permit us to argue the motion for a new trial in the Court of Quarter Sessions of Delaware County; there was also a petition filed to the Superior Court for the purpose of fixing bail.

As I mentioned to you, in my previous letter, the court costs, which were unpaid, amounted to $212. Additional costs were $2.40. The Judge agreed to place certain costs on the County, as the result of which a savings has been effected in the sum of $112.20, leaving costs outstanding in the sum of $102.20 (instead of $214.40). With the fee of

$300 which I should have received, I would be entitled to the sum of $402.20.

I did not proceed with the further appeal to the Superior Court, as there was no indication on your part or on the part of your wife or brother when I appeared with you for sentence on Friday, November 6, 1954.

A copy of my last letter to you was sent to Gilbert Harris, Esq., and also to Albert N. Herskowitz, Esq. I will cooperate with them, giving them any information that they desire. However, I will anticipate repayment of court costs and of fees for the services already performed.

I sincerely wish that your circumstances will permit you a further opportunity to prove your innocence.

amount to incompetency of federal constitutional dimensions. See Moore v. United States, 432 F.2d 730 (3 Cir. 1970).

The judgment of the district court granting the petition for writ of habeas corpus will be reversed, without prejudice.