UNITED STATES of America, Plaintiff,

v.

Eugene M. SIMMERS, Defendant.

No. 95–40068–01–DES.

United States District Court,
D. Kansas.

Dec. 28, 1995.

**484**

Thomas G. Luedke, Assistant U.S. Attorney, Topeka, KS, for Plaintiff.

Charles D. Dedmon, Federal Public Defender, Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

The issues before the court are whether defendant Eugene M. Simmers qualifies for appointment of counsel pursuant to 18 U.S.C. 3006A(b) of the Criminal Justice Act Revision of 1986 and whether defendant must compensate the government for counsel provisionally appointed.

On September 20, 1995, an indictment was filed charging the defendant with one count of possession with intent to distribute approximately 626 grams of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. 841(a)(1). Because the defendant has two prior felony drug convictions, he faces a potential mandatory term of life imprisonment without parole. On October 3, 1995, the defendant appeared for Rule 5 proceedings and claimed that he was financially unable to employ counsel to represent him. The defendant provided a financial affidavit in which he disclosed the following assets: stock in wheat commodities with a value of $400.00; various automobiles with an aggregate value of $10,000.00; and his home on approximately .7 acres of land with equity of approximately $100,000.00 owned solely by defendant, apparently purchased prior to his marriage to his present wife. Other than a small amount of credit card debt, the defendant's only indebtedness was in the approximate amount of $12,000.00, secured by a first mortgage on his home with monthly payments in the amount of $368.00. At the time of arrest, defendant was estranged from his wife. However, his wife continues to reside in the residence in question although she is not on the title to the real estate. The defendant has no minor children.

Prior to his arrest, the defendant received $1319.00 per month in social security and veteran's administration benefits. His wife is employed and has a monthly income of approximately $600.00. Their joint monthly expenses total approximately $1668.00, including the house payment. The defendant had $150.00 in cash at the time of arrest. He had no knowledge of cash which his wife had at that time. After reviewing the financial affidavit and oral inquiry of defendant, the court determined that the defendant had adequate resources to obtain counsel and denied his request for appointment of counsel.

On October 10, 1995, the court held further proceedings, including a detention hearing.

The defendant appeared without counsel and again represented that he was financially unable to employ counsel. Since the defendant's primary asset was a parcel of real estate in the state of Ohio, the value of which the defendant then claimed was substantially less than he had previously stated in his affidavit, the court provisionally appointed the Federal Public Defender to represent the defendant until the court could review the defendant's financial ability to employ counsel in greater depth. The court urged the defendant to provide further evidence of the value of the real estate and any liens which may be attached to it, in the event he continued to request appointment of counsel. The court also ordered further investigation of the defendant's assets by the United States Pretrial Services Office.

On October 24, 1995, and October 31, 1995, the court held additional hearings on this matter. Defendant claimed he had been unable to employ counsel although he advised the court of only one contact with a Topeka, Kansas, attorney. At these hearings, the defendant claimed that he had been in error as to the equity in his home at the time of his initial appearance and stated that there were liens on the property in addition to the first mortgage of $12,000 which, in the aggregate, totaled more than $25,000.00. Evidence obtained by pretrial services as well as the government established that the only lien on the property was the first mortgage. Defendant proffered a copy of a letter from a certified real estate appraiser who opined that the real estate, including the residence, was valued at approximately $65,000.00. Defendant also proffered a photocopy of a document which appears to be a tax appraiser's worksheet generated in 1992 before the construction of an outbuilding. The appraiser estimated the replacement cost of the residence at $55,300.00. For tax purposes, the land was estimated at $39,300.00. In 1994, the defendant constructed a freestanding garage on the property, with dimensions of 24' × 32'. The court has had difficulty deciphering the evidence of value of this building. The defendant testified that the materials cost $7300.00 and that he erected the building with his own labor. The government, however, has proffered evidence taken from the defendant's house upon execution of a search warrant consisting of various receipts related to the construction of the building along with proposals for the building. This evidence establishes that at least $18,153.00 in materials were used in the construction of the building. The defendant has made no effort to explain the receipts or to rebut the evidence. The court also received in evidence and reviewed photographs of the defendant's home taken at the government's request after the defendant's arrest. At the close of the hearing on October 31, 1995, the court took the matter of defendant's right to appointment of counsel under advisement and again urged the defendant to continue to attempt to employ counsel. To date, the defendant has not employed counsel and has not provided the court with any further information regarding his financial status.

At each of the four hearings in this case, the court urged the defendant to employ counsel. The only effort by the defendant to retain counsel made known to the court was a contact with one attorney in Topeka, Kansas. Defendant has not demonstrated any efforts to use any of his property to obtain funds to employ counsel or to secure the payment of attorney's fees. Rather, at all times, the defendant has exhibited a reluctance to attempt to employ counsel and expressed a desire to preserve his assets for his wife's benefit, preferring to have court appointed counsel.

18 U.S.C. 3006A(b) of the Criminal Justice Act (the Act) Revision of 1986, provides:

In every case in which a person entitled to representation under a plan approved under subsection (a) appears without counsel, the United States magistrate or the court shall advise the person that he has the right to be represented by counsel and that counsel will be appointed to represent him if he is financially unable to obtain counsel. Unless the person waives representation by counsel, the United States magistrate or the court, **if satisfied after appropriate inquiry that the person is financially unable to obtain counsel,** shall appoint counsel to represent him. (Emphasis added.)

■ The court is required to conduct an appropriate inquiry to determine whether the defendant is financially unable to obtain counsel to represent him. The defendant, however, bears the burden of persuading the court that he is financially unable to obtain counsel. *United States v. Barcelon*, 833 F.2d 894, 896 (10th Cir.1987). Where the defendant's inability to employ counsel has been put in doubt, the defendant has the burden of coming forward with evidence sufficient to prove by a preponderance of the evidence that he is financially unable to employ counsel. *United States v. Bedoya*, 1990 WL 194934 (S.D.N.Y.1990). Where the defendant's assets are illiquid, as in this case, the court should take into account the following two considerations: 1) the defendant's accessibility to his assets for the purpose of paying counsel, and 2) whether the defendant had only partial ability to pay for counsel and may consequently qualify for appointment of counsel with an order that he make certain reimbursements to the government for the costs of his defense in accordance with his ability to pay. *Barcelon*, 833 F.2d at 897.

■ When considering the issue of accessibility of defendant's assets, the court should consider whether defendant will suffer extreme hardship if deprived of his funds, the needs of the defendant himself, his potential prison sentence, and the defendant's responsibilities to his family. *United States v. Bracewell*, 569 F.2d 1194 (2d Cir.1978). While a defendant need not be destitute to qualify for appointment of counsel, the court must make a realistic assessment of the defendant's ability to employ counsel. *United States v. Cohen*, 419 F.2d 1124 (8th Cir.1969). Liquidation of assets may be required in some cases. *Barry v. Brower*, 864 F.2d 294 (3rd Cir.1988).

The second factor for consideration is whether the applicant has only partial ability to pay for counsel and, as a consequence, is entitled to appointed counsel.

18 U.S.C. 3006A(c) provides:

If at any time after the appointment of counsel the United States magistrate or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.

Further, 18 U.S.C. 3006A(f) provides:

Whenever the United States magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.

■ Consistent with the Act and *Barcelon*, the court has conducted an inquiry into the defendant's assets. Considering all of the evidence before the court, the court concludes that the most probable value of the defendant's real estate, residence and outbuilding is in excess of $112,000.00. His equity, after considering his mortgage indebtedness of approximately $12,000.00, is in excess of $100,000.00, as originally claimed by the defendant in his financial affidavit of October 3, 1995. While the defendant's primary asset is not liquid, the equity in his home is substantial. The credit report obtained by pretrial services reflects no judgments against the defendant. The report confirms the balance due on his real estate mortgage of approximately $12,000.00 and also confirms that the defendant has a nominal amount of credit card debt of less than $3,000.00. The defendant's argument that he wants to preserve his home as his wife's residence in the event that he is incarcerated does not constitute a basis for establishing his inability to mortgage or liquidate this asset to employ counsel. He has established no legal basis justifying the preservation of

the residence on behalf of his wife. He has no minor children. The defendant has not established extreme hardship in the event of the liquidation or mortgage of the asset. Defendant has failed to demonstrate that he has made any effort to employ counsel beyond contacting one attorney. He has failed to demonstrate that he is unable to use the equity in his home to either borrow the funds to employ counsel or to secure the payment of attorneys fees. The assets of defendant appear to be adequate to enable him to retain qualified counsel to represent him in this matter.

■ The court, therefore, finds that the defendant has failed to carry his burden of proof to establish that he is financially unable to employ counsel. Further, the court finds that the assets of defendant are adequate for payment of compensation and expenses of court-appointed counsel incurred to date and that defendant should reimburse the Federal Public Defender for attorneys fees and expenses incurred.

Pursuant to 18 U.S.C. 3006A(c), the court terminates the appointment of the Federal Public Defender, effective January 16, 1996. On or before January 31, 1996, the Federal Public Defender shall file a statement, under seal, itemizing the time, and expenses, if any, incurred in the defense of defendant in this matter. A copy of such statement shall be served upon the defendant. The defendant may file any objection thereto on or before February 15, 1996. The court will, thereafter, enter a reimbursement order under 18 U.S.C. 3006A(f).

Copies of this order shall be mailed to defendant and all counsel of record.

IT IS SO ORDERED.