**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 96-3195

Isam Rahim Museitef,            *
                                        *
        Appellant,           * Appeal from the United States
                                        * District Court for the
    v.                            * Western District of Arkansas.
                                        *
United States of America,     *
                                        *
        Appellee.            *
                                        *

———————

Submitted: October 20, 1997
Filed: November 10, 1997

———————

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

———————

MURPHY, Circuit Judge.

After Isam Rahim Museitef was acquitted of three counts of using a communication facility to obtain possession of ephedrine with reasonable cause to believe it would be used to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(d)(2) and 843(b), the government moved for reimbursement of costs advanced for his defense. The district court issued an order indicating that "at least a portion" of certain seized funds should be disbursed to the clerk's office and to the United States Marshal to pay for services provided to Museitef. It also gave Museitef fifteen days to prove his indigence or the remaining funds would be disbursed to the Federal Public

Defender. Museitef did not submit any such proof but instead filed an appeal, arguing that the court was without authority to order the disbursement and that he should have been provided a hearing. We dismiss for lack of jurisdiction.

Museitef was represented in the trial court by a defender appointed on the basis of the financial affidavit he submitted. The public defender was initially appointed subject to repayment of costs, but that condition was removed after further investigation suggested that Museitef was unable to pay any of the expenses of his defense. After his first trial resulted in a mistrial, he was retried and acquitted. During the course of trial evidence was introduced that Museitef owned thee convenience stores, a partial interest in two other stores, and a California liquor license of substantial value.

Following trial the government moved to compel Museitef to repay the costs of his defense under 18 U.S.C. §3006A(f). That statute allows a court to order repayment for necessary expenses or legal fees incurred in providing adequate representation to a defendant if it discovers there are available funds. The government argued that Museitef's financial affidavit had not been truthful because he had not included his businesses and liquor license or the proceeds of the sale of his three sole proprietorships. The motion sought repayment of the costs of Museitef's defense from $11,250 in money orders taken from him at the time of his arrest. He had used the money orders to attempt to purchase ephedrine, and they were later held by the prosecutor for evidence and potential forfeiture.

Museitef responded to the motion for repayment by moving to strike. He argued that the court had already properly found he was unable to pay the costs of his defense and that the prosecutor lacked standing to seek reimbursement under §3006A(f). He also argued that the evidence at trial did not accurately represent his current financial position and inability to pay because his liquor license had been revoked and his businesses sold at a loss. He did not attach affidavits or other forms of proof, however.

The district court issued an order finding that 18 U.S.C. 3006A(f) gave it independent authority to order repayment of the costs of Museitef's defense, that funds were available in the total amount of $11,250 for that purpose, that the clerk of court had incurred costs of $830.25, and that the United States Marshal had expended $6,851.31 on Museitef. The court directed that $7,681.56 should be distributed to those agencies and indicated it was concerned about Museitef having received public funding for his defense in light of the evidence at trial about his businesses and liquor license. It directed that unless Museitef provided evidence of his indigence within fifteen days, the remaining balance of the money orders would be disbursed to the Federal Public Defender and a judgment entered against Museitef for any deficiency.[1] The court indicated that the type of proof it would expect would be a detailed accounting of the businesses he owned, their value and present status, as well as detailed information about the value and acquisition of his liquor license.

Once an individual has demonstrated an inability to pay the costs of his defense, repayment should be ordered under §3006A(f) only after a full inquiry into his actual ability to bear those costs. See e.g. Wade v. Lockhart, 763 F.2d 999, 1001 (8th Cir. 1985); United States v. Bracewell, 569 F.2d 1194, 1197 (2nd Cir. 1978); United States v. Cohen, 419 F.2d 1124, 1127 (8th Cir 1969). Inability to pay is not the same as indigence or destitution. Wade, 419 F.2d at 1127. The test is whether repayment would cause such financial hardship as to make it impractical or unjust. Bracewell, 569 F.2d at 1199. The ability to pay must be evaluated in light of the liquidity of the individual's finances, his personal and familial needs, or changes in his financial circumstances. United States v. Simmers, 911 F. Supp. 483, 486 (D. Kan. 1995); Wade, 419 F.2d 1127.

---

[1]The government's motion for repayment sought disbursement from the total amount of the money orders, and counsel conceded at oral argument that the government did not plan to seek a deficiency judgment.

Rather than moving for reconsideration of the district court's order or availing himself of the opportunity it provided to prove his inability to repay the costs of his defense, Museitef filed an immediate appeal. He claims that the district court's order was appealable because it was a final resolution as to $7,681.56 of the funds and argues the court should have provided him with a hearing at which he could have presented his financial situation. The government counters that there is no requirement for a hearing, just that the court consider all the relevant circumstances, and Museitef did not take advantage of the opportunity he had to submit information about them.

The order from which Museitef appeals provided that he had fifteen days to submit proof of his indigence, and a further order would have been necessary to release all of the funds held by the government. The order was therefore not final so we have no jurisdiction. See 28 U.S.C. §1291. The appeal is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-4-