**UNITED STATES of America, Plaintiff,**

v.

**Roy CRAWFORD, Defendant.**

**No. 4–70–Crim–25.**

United States District Court, D. Minnesota, Fourth Division.

March 23, 1972.

Robert G. Renner, U. S. Atty., and Peter J. Thompson, Asst. U. S. Atty., for plaintiff.

Roy Crawford, pro se.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This matter is before the court on defendant's motion for an order enlarging the time within which he might appeal to the United States Court of Appeals for the Eighth Circuit from the entry of an order on October 19, 1971, denying his motion for a new trial.[1]

Defendant in support of this motion alleges that he had no knowledge of the entry of this order until after the 10 day period allowed by Rule 4(b) of the Federal Rules of Appellate Procedure for filing his notice of appeal had expired. Defendant was convicted in March of 1970 on four counts of sale of cocaine and heroin to a government in-

formant. His conviction was reversed on appeal and on retrial defendant was again convicted in June of 1971.

Defendant filed a timely motion for new trial under Rule 33 of the Federal Rules of Criminal Procedure. This motion was heard on September 27, 1971 and denied on October 19, 1971. A copy of the order denying defendant's motion was mailed to defendant's attorney of record.

Defendant contends, and it is supported by a letter defendant received from his attorney of record, that he did not receive a copy of the order of October 19, 1971 from his attorney until November 1, 1971. Defendant wrote to the court on November 3, 1971 requesting that an attorney be appointed to aid him in his appeal. On November 9, 1971 the Clerk's office advised defendant that the time for appeal had expired and that the notice of appeal could not be filed.

It is settled law that the timely filing of a notice of appeal is a jurisdictional prerequisite for perfecting an appeal. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). Rule 4(b) of the Federal Rules of Appellate Procedure provides that, "In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from." The rule further provides that, "Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion or notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subsection."

1. The court will consider this as a motion to direct the Clerk of Court to file defendant's notice of appeal and a petition by defendant for authority to proceed with this appeal in forma pauperis. Rule 4(b) of the Federal Rules of Appellate Procedure would clearly prevent the court from enlarging the time for filing notice of appeal at this date.

But several courts, including our Eighth Circuit, dealing with the problem of whether the notice of appeal was timely, have held that where defendant is incarcerated and has made efforts to take an immediate appeal as soon as he learns of the entry of an order, the appellate court would assume jurisdiction and consider the case upon its merits. Lohman v. United States, 237 F.2d 645 (6th Cir. 1956); Wallace v. United States, 174 F.2d 112 (8th Cir. 1949), cert. denied, 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749 (1949); Oddo v. United States, 171 F.2d 854 (2d Cir. 1949), cert. denied, 337 U.S. 943, 69 S.Ct. 1498, 93 L.Ed. 1747 (1949).

▇ Here it appears that defendant did make efforts to take an immediate appeal as soon as he was informed of the denial of his motion for new trial. His letter of November 3, 1971, addressed to the court and manifesting an intention to appeal, constituted notice of appeal within the meaning of Rule 4(b). Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); Howard v. United States, 396 F.2d 867 (8th Cir. 1968), cert. denied, 393 U.S. 1058, 89 S.Ct. 700, 21 L.Ed.2d 700 (1969). Thus defendant's notice of appeal must be considered to have been timely and should be filed.

▇ Defendant also has sought authority to proceed with his appeal in forma pauperis under Rule 24 of the Federal Rules of Appellate Procedure. Defendant's affidavit filed in support of this motion merely states, "that he is an indigent person with personal funds in the amount of $25.00." But here this affidavit is not sufficient to satisfy the showing required by Rule 24(a). The transcript of defendant's testimony at trial indicates that defendant's wife is employed, earning approximately $500 per month, that defendant owns two late model automobiles and his home free of any encumbrance and that he owns substantial personal property. Defendant's motion to proceed in forma pauperis will therefore be denied.[2] Defendant's attention is directed to Rule 24(a) of the Federal Rules of Appellate Procedure containing the requirements for renewal of his motion in the Court of Appeals.

It is ordered that, upon the payment of the appropriate filing fee, the Clerk of Court file defendant's notice of appeal. Defendant's motion for authority to proceed on appeal in forma pauperis is denied.

---

2. The facts as they are reflected in the transcript of defendant's testimony at trial as well as the insufficiency of defendant's affidavit constitute the reasons for the denial of defendant's motion. These reasons are stated in compliance with Rule 24 (a) of the Federal Rules of Appellate Procedure.