UNITED STATES of America

v.

**Bernard WRIGHT, Defendant.**

No. 78 Cr. 811 (IBC).

United States District Court, S. D. New York.

Oct. 26, 1979.

Bernard Wright, pro se.

Robert B. Fiske, Jr., U. S. Atty., S. D. New York, New York City, for United States; Richard F. Lawler, Asst. U. S. Atty., New York City, of counsel.

MEMORANDUM

IRVING BEN COOPER, District Judge.

Defendant seeks leave to proceed in forma pauperis on his appeal to the United States Court of Appeals for the Second Circuit. The Government, by letter dated October 16 (received October 24), takes no position on the motion. After a careful review of all the proceedings heretofore had herein, we are constrained to, and do, deny his application.

Defendant was represented by retained counsel both during trial and at sentence. His trial counsel, Carl Fogel, Esq. was replaced by Irwin Klein, Esq. while defendant was awaiting sentence. We have been advised that Mr. Klein has moved before the United States Court of Appeals for the Second Circuit to withdraw as defendant's counsel.

The defendant stood trial on an indictment which charged him in one count of conspiracy (Sections 812, 841(a)(1), 841(b)(1)(A), 952(a), 955, 960(a)(1) and (2) and 960(b)(1) of Title 21, United States Code and Section 1503 of Title 18, United States Code). On June 27, 1979, the jury returned a guilty verdict against defendant as charged. On September 27, 1979 we imposed a sentence of eight years imprisonment and a special parole term of ten years to commence upon expiration of confinement.

The defendant was an extremely active and "authoritative" figure ("lieutenant") in a conspiracy to sell substantial quantities of narcotics on an almost daily basis. The activities of this group emphasize the overlords and regimental tiers of operation, all governed by tight maneuvers and bold enough to successfully avoid governmental detection for a long time; they carried out their nefarious schemes ruthlessly.

We have conducted an in-depth examination of defendant's financial situation and must now conclude that he has been less than forthright in his disclosures to the Court. Inconsistencies in the record now before us put defendant's veracity in issue. We point to:

1. Defendant's Affidavit in Support of Motion to Appeal in Forma Pauperis, verified October 2, 1979 ("Affidavit") includes:

"2. Have you received within the past twelve months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source? NO".

This answer contradicts: (1) the pre-sentence report prepared by the United States Probation Officer states that defendant conducted a grocery store in Washington, D. C., until his arrest on May 1, 1979; it grossed $8,000–$10,000 per month; (2) defendant's sworn financial statement, dated September 19, 1979, submitted to the United States District Court—Probation and Parole Office ("Financial Statement") as part of its pre-sentence investigation; therein defendant lists his store as an asset with a value of $3,500; and (3) defendant's own Pre-Sentence Memorandum received September 21, 1979, which repeatedly calls our attention to the grocery store as a symbol of defendant's ties to the community.

2. Defendant's Affidavit also states:

"4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? NO".

This answer contradicts defendant's Financial Statement which includes as assets a '78 Cadillac, valued at $7,000, and a '78 Chevrolet, valued at $4,500. Defendant's listed liabilities include $5,000 due on the Cadillac and $3,000 due on the Chevrolet.

3. Defendant's Financial Statement also indicates liabilities totalling $1,287 on three credit cards: Master Charge, Visa and Diner's Club. These cards are not issued in the absence of proof of substantial income and credit worthiness.

4. Defendant's Financial Statement alleges he has a net worth of $7,421. His Affidavit is positive that he has no assets whatsoever. The Affidavit offers no explanation of any kind as to the startling difference between its recital as to finances and the disclosures revealed by the Financial Statement. Significant is the fact that the Financial Statement was sworn to only two weeks before the Affidavit.

In sum, defendant's own financial statements are in sharp conflict and cast grave doubt as to the credibility of his affidavit in support of the instant application. We do not believe that the defendant is acting in good faith. See *United States v. Scharf*, 354 F.Supp. 450 (E.D.Pa.1973), aff'd, 480 F.2d 919 (3rd Cir.) (unpub. opinion); *United States v. Crawford*, 54 F.R.D. 362 (D.Minn. 1972), opinion by Chief Judge Devitt.

For the foregoing reasons (in compliance with Rule 24(a) of the Federal Rules of Appellate Procedure), defendant's motion for authority to proceed on appeal in forma pauperis is denied.

SO ORDERED.