**UNITED STATES of America**

v.

**Joseph W. HENNESSEY, Jr.**

**No. 83–CR–104.**

United States District Court,
N.D. New York.

Nov. 9, 1983.

Frederick J. Scullin, Jr., U.S. Atty., Albany, N.Y., for U.S.; George A. Yanthis, Asst. U.S. Atty., Albany, N.Y., of counsel.

Harvey and Harvey, Mumford & Kingsley, Albany, N.Y., for defendant; William J. Dreyer, Albany, N.Y., of counsel.

**MEMORANDUM–DECISION
and ORDER**

MINER, District Judge.

**BACKGROUND**

In a four-count indictment filed on September 28, 1983, defendant was charged

with subscribing a false and fraudulent income tax return for the calendar year 1980, in violation of 26 U.S.C. § 7206(1) (Count I); supplying a false and fraudulent statement claiming exemption from withholding, in violation of 26 U.S.C. § 7205 (Count II); failing to file an income tax return for the calendar year 1981, in violation of 26 U.S.C. § 7203 (Count III); and failing to file an income tax return for the calendar year 1982, in violation of 26 U.S.C. § 7203 (Count IV). On the date of his arraignment, October 28, 1983, defendant appeared before the Court and stated that he was without funds with which to obtain counsel. However, he refused to complete the financial affidavit, Form CJA 23, claiming a fifth amendment privilege. William J. Dreyer, Esq. thereupon was appointed to represent the defendant, and the matter was adjourned in accordance with the Court's Scheduling Order of October 28, 1983.

Upon the application of George A. Yanthis, Assistant United States Attorney in charge of the prosecution of this Indictment, the Court issued its order dated October 31, 1983, directing the defendant to show cause on November 4, 1983 why the appointment of Mr. Dreyer should not be terminated for the defendant's failure to show that he is financially unable to obtain counsel. On November 4, at a regular motion day of this Court, the Court considered the affidavit, exhibits and authorities submitted on behalf of the Government, as well as the affidavit in opposition submitted by Mr. Dreyer, and heard the arguments of counsel. The defendant also was present as directed by the order to show cause. At the conclusion of oral argument, the Court issued an oral decision determining that defendant's claim of the fifth amendment privilege was premature, that the need for financial data outweighed "the speculative possibility of inadequate protection of defendant's Fifth Amendment rights" and that the Government would be prohibited from using as part of its direct case any information supplied by defendant demonstrating inability to obtain counsel. *United States v. Harris,* 707 F.2d 653, 663

(2d Cir.1983). Immediately thereafter, defendant completed and filed the form Financial Affidavit, CJA 23, as well as a supplemental affidavit containing additional financial information. Now before the Court is the issue of defendant's eligibility for a court-assigned attorney under the provisions of the Criminal Justice Act of 1964, as amended, 18 U.S.C. § 3006A.

### DISCUSSION

Defendant is married and claims that he is responsible for the support of his wife, who is not employed, and four children. He lists earnings of $3,000.00 per month and claims to have no assets of any kind. According to his affidavit, the defendant has the following monthly expenses:

| | |
|---|---|
| Rent | $ 300.00 |
| Tuition | 500.00 (according to the affidavit of Mr. Dreyer, defendant is a full time student at Siena College) |
| Food | 430.00 |
| Clothing | 200.00 |
| Gas & repairs for wife's auto | 100.00 |
| Insurance (pension fund) | 200.00 |
| Auto insurance | 20.00 |
| Children's allowances | 40.00 |
| Repayment of loans | 200.00 |
| Total | $1,990.00 |

At the conclusion of the affidavit sworn to before Mr. Dreyer on November 4, 1983, defendant makes the following allegations: "That at the end of the normal month I do not have excess money. My wife and I do not socialize frequently and we live modestly. I do not have funds to pay the retainer for a lawyer." (para. 3). In spite of these conclusory allegations, and although the amounts listed as monthly expenses seem modest for a family of six under the circumstances, it is apparent that defendant's monthly income exceeds his expenditures by the sum of $1,010.00 and that this excess is not accounted for.

A defendant is entitled to the appointment of an attorney upon a showing that he is financially unable to obtain counsel. 18 U.S.C. § 3006A(b). "A person is 'financially unable to obtain counsel' within the meaning of Subsection (b) of the Act if his net financial resources and income are

insufficient to enable him to obtain qualified counsel. In determining whether such insufficiency exists, consideration should be given to (a) the cost of providing the person and his dependents with the necessities of life ...." Vol. VII, Guide to Judicial Policies and Procedures, Section A, Guidelines for the Administration of the Criminal Justice Act, para. 2.04, Standards for Eligibility. However, where a defendant's anticipated income prior to trial is in excess of that necessary to provide him and his dependents with life's necessities but insufficient to pay fully for retained counsel, the defendant should be found eligible for the appointment of counsel, and his available excess funds should be paid to the Clerk of the Court toward reimbursement of the Government for a portion or all of the fees and expenses ultimately paid to assigned counsel. *Id.*, para. 2.05, Partial Eligibility; Plan of the United States District Court for the Northern District of New York Pursuant To The Criminal Justice Act of 1964, as Amended, Section IV, Appointment of Counsel; 18 U.S.C. § 3006A(f).

## CONCLUSION

■ The Court finds and concludes that the financial resources of defendant are inadequate to enable him to retain qualified counsel to represent him in a case of this nature.[1] The Court further finds and concludes that defendant's income prior to trial will be in excess of that necessary to pay the monthly expenses claimed by the defendant for the support of himself and his family. Accordingly, Mr. Dreyer will continue to serve as defendant's appointed counsel on the condition that defendant pay the sum of $500.00 per month, commencing November 15, 1983, to the Clerk of this Court for deposit in the Treasury of the United States as a reimbursement to the appropriation from which the fees and expenses of defendant's appointed counsel will be paid.

It is so Ordered.

---

**1.** In his affidavit filed on November 3, 1983, Mr. Dreyer makes the following allegation:

Your deponent has experience in the prosecution and defense of cases involving tax evasion, failure to file income tax returns, and the criminal sections of the Internal Revenue Code, and is aware that retainers for legal representation in this geographic area range from Five Thousand Dollars ($5,000.00) to Twenty-five Thousand Dollars ($25,000.00). The few attorneys who undertake such representation often exceed those retainers if the case becomes a protracted one. (para. 6(c)).

Mr. Dreyer is a former Assistant United States Attorney for the Northern District of New York and is now associated with the law firm of Harvey and Harvey, Mumford & Kingsley, Albany, New York.