**UNITED STATES of America**

**v.**

**Charles Jack CONIAM.**

**Crim. No. H–83–43.**

United States District Court,
D. Connecticut.

Nov. 14, 1983.

---

Nancy B. Lavine, Asst. U.S. Atty., Hartford, Conn., for plaintiff.

Thomas G. Dennis, Federal Public Defender, Hartford, Conn., for defendant.

RULINGS ON APPEAL OF MAGISTRATE'S ORDER SEALING FINANCIAL AFFIDAVIT; MOTION TO TERMINATE CJA COUNSEL; and MOTION TO MODIFY REIMBURSEMENT ORDER

DORSEY, District Judge.

Two motions and an appeal of the magistrate's order sealing defendant's affidavit are before the court in this criminal prosecution for securities fraud, mail fraud and bankruptcy fraud. The court has reviewed the record of the proceedings before the magistrate, the affidavit in question, and the filings of the parties in relation to the matters presented. For the reasons set forth below:

1. The defendant's financial affidavit, filed in support of his application for the appointment of counsel, pursuant to the Criminal Justice Act (CJA), 18 U.S.C. §§ 3006, *et seq.*, shall be unsealed.

2. The government's motion to terminate the appointment of the public defender to represent defendant is denied, without prejudice and subject to the further order of the court herein.

3. The defendant's motion to modify the order of the magistrate for reimbursement by defendant of counsel fees, pursuant to 18 U.S.C. § 3006A(f), is denied.

For the purpose of the court's further review of the defendant's rights and obligations under the CJA:

4. The public defender shall, within sixty (60) days of this order, inform the court:

(a) The total annual cost of the services of the public defender, including all expenses in his support, prorated in the case of any expense allocable to other attorneys;

(b) The approximate number of hours that are anticipated as required for the representation of defendant.

THE GOVERNMENT'S APPEAL OF THE MAGISTRATE'S ORDER SEALING DEFENDANT'S FINANCIAL AFFIDAVIT

■ The magistrate received defendant's application for appointment of counsel, reviewed it with the supporting affidavit, conferred with defendant and granted the application appointing the public defender. At the request of counsel for defendant, claiming a Fifth Amendment privilege, the magistrate sealed the affidavit. A review of the affidavit discloses nothing which the court can conceive as likely to constitute a disclosure protected by the Fifth Amend-

ment.[1] Defendant has merely suggested that unsealing "may provide the government with access to information relevant to the prosecution which may be developed into inculpatory evidence beyond the scope of use immunity protection." Defendant's Memorandum, p. 5. This is based only on the assertion that "[w]here defendant's finances are directly related to the subject matter of the indictment, disclosure may incriminate him ...." *Id.* No specifics are detailed.

Further, the defendant has the protection of the exclusion rule of *Simmons v. United States*, 390 U.S. 377, 394, 88 S.Ct. 967, 976, 19 L.Ed.2d 1247 (1968); *United States v. Harris*, 707 F.2d 653, 662 (2d Cir.1983); *United States v. Branker*, 418 F.2d 378, 380 (2d Cir.1969). While it is not necessarily fully protective of defendant's right against self-incrimination to view him as not subject to risk until self-incrimination becomes sufficiently real as not to be considered speculative, the record in this case and the holding of *Harris*,[2] *supra*, does not warrant a Fifth Amendment cloak here. In this respect the government should be cautious of a potential obligation to prove a curtain between the information thus available and its proof at trial.

The role of the government in relation to the utilization of the CJA appropriation for the guarantee of defendant's rights, while nowhere specified, is nonetheless appropriately invited by the approval of an adversarial process by which to insure the propriety of defendant's receipt of services of counsel under the CJA. *United States v. Harris, supra* at 662.

## MOTION TO TERMINATE CJA COUNSEL

■ The magistrate, on the record before him, found that defendant had no immediately available cash with which to pay a retainer.[3] The court's review of the record confirms this and no showing to the contrary has been presented. The CJA couches an applicant's eligibility in terms of inability "to obtain counsel." This is broader language than the inability to pay for representation as is consistent with a more flexible right to counsel.

"The Sixth Amendment as interpreted by the Supreme Court entitles a defendant in Federal Court who is unable to retain private counsel in defense of a felony charge to the services of an attorney appointed by the court. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Rule 44, Fed.R.Crim. P." *United States v. Cohen*, 419 F.2d 1124, 1126 (8th Cir.1969).

The reality of the need to pay a retainer before private counsel would accept defendant's case and the demonstrated inability of the defendant to pay a retainer qualifies him for appointment of counsel under the CJA, 18 U.S.C. § 3006A(a), as one "financially unable to obtain adequate representation."

The motion to terminate the CJA appointment is denied without prejudice to the government to renew this motion based on any further information suggesting the propriety of doing so.

## MOTION TO MODIFY REIMBURSEMENT ORDER

On September 21, 1983, United States Magistrate F. Owen Eagan appointed the Office of the Federal Public Defender to represent the defendant, Charles Jack Coniam, under the provisions of the CJA. The magistrate reviewed the financial affidavit of the defendant and discussed his financial

---

1. The affidavit shows no significant unencumbered assets and no sources of income which are either unknown to or readily discoverable by the government nor which have any relation to purported criminal conduct.

2. The CJA does not mandate nor seemingly contemplate a closed presentation of financial information. Ex parte proceedings are not consistent with traditional adversarial proceedings.

The evidence in a preliminary hearing on qualification can be excluded. The conflict between the Fifth and Sixth Amendments is not unreconcilable.

3. Defendant has shown that $5,000 to $10,000 would be required by private counsel before representation would be undertaken in a case of the magnitude of this prosecution.

circumstances with him. After this investigation, the magistrate ordered the defendant to reimburse the government at the rate of $75.00 per hour, payable $250.00 per month, until paid in full. The defendant claims that these terms will cause extreme hardship upon him and his family.

■ Defendant's financial affidavit reflects a substantial annual income. The payment ordered is not found to be likely to cause hardship to the defendant or his family. Any crimp in defendant's future spending is the result of his past profligate spending on credit, not the reimbursement order. His obligations to old creditors cannot be used to deem his substantial income as unavailable to meet a current obligation to pay for legal representation.

The defendant argues that the reimbursement order should be limited to the established hourly rate for compensation of panel attorneys under the CJA, § 3006A(d)(1), $30.00 for time spent in court and $20.00 for time reasonably spent out of court and further a maximum of $1,000 in felony cases, except for cases of extended or complex representation. *See* 18 U.S.C. §§ 3006A(d)(1) and (2).

■ Whenever funds are available for a defendant's representation, such funds may be directed to be paid to the organization which provided the attorney or to the court for deposit in the Treasury as a reimbursement to the appropriation. 18 U.S.C. § 3006A(f). There is no explicit limit on the amount of such funds to the panel attorney rates, nor has defendant cited any authority so construing the act. The magistrate found and the record demonstrates that the defendant has funds in the form of substantial annual income available for payment of his representation. The payment is to be "as the interests of justice may dictate," 18 U.S.C. § 3006A(c), and "as a reimbursement . . . to carry out the provisions of this Section." 18 U.S.C. § 3006A(f).

> "Before a finding of availability can properly be made, the district judge should be satisfied that, in ordering reimbursement in any specified amount, the

defendant will not suffer extreme hardship as a consequence of being deprived of his funds." *United States v. Bracewell*, 569 F.2d 1194, 1199 (2d Cir.1977). This court is satisfied that neither the defendant nor his family will suffer hardship due to this reimbursement order.

■ While the defendant qualifies for the appointment of a public defender because he is without sufficient immediate cash to retain private counsel, in view of his income level he is not entitled to gratuitous nor subsidized counsel, as would result if his reimbursement were limited to a level below the cost of his representation. Nothing in the act provides nor manifests a congressional intention to subsidize a defendant who is clearly able to pay out of earned income.

Thus, the magistrate's order is found to be well within the ability of the defendant to pay and consistent with the policy of the Criminal Justice Act which is to insure each defendant that he or she has counsel.

The defendant's motion is denied.

The court's review of the record suggests that enough facts are not known from which the purpose of the CJA may not be subverted here. As held above, the CJA's assurance of counsel does not grant one such as defendant, who has substantial current income, the right to pass to the government, any part of the financial burden of his legal counsel except as may be beyond his means. Defendant's income is largely drained by payments to longstanding creditors who funded grossly excessive past spending. Such should not be accorded a preference to the meeting of the cost of defendant's legal representation particularly when, as an alternative, that cost is thrust toward the CJA. The CJA would be compromised if old creditors were accommodated to the total or substantial deprival of defendant's need for counsel. The finding above reflects the assessment that the minimum immediate needs of defendant and his family are not compromised by the present order.

The court finds that it is charged with a further duty, to ascertain the full cost of defendant's representation and whether the payments presently ordered will be sufficient to cover that cost. The additional information to be provided by the public defender, see paragraph # 4 above, is intended to aid the court in its discharge of that duty. The court intends further to monitor, by review of bi-monthly reports from the clerk, as to the defendant's compliance with the court's order, a relevant consideration in whether the present arrangement for defendant's representation is being carried out consistent with the "interests of justice" and the purpose of the CJA.

SO ORDERED.