**UNITED STATES of America,**

v.

**John J. CONNOLLY, Jr.**

**No. CR. 99–10428–JLT–01.**

United States District Court,
D. Massachusetts.

June 24, 2002.

Tracy A. Miner, R. Robert Popeo, George W. Price, Mintz, Levin, Cohen, Ferris, Glovsky & Popeo, P.C., Boston, MA, for John J. Connolly, Jr.

Jonathan M. Albano, Bingham, Dana & Gould, Boston, MA, for Globe Newspaper Co.

M. Robert Dushman, Brown, Rudnick, Freed & Gesmer, Boston, MA, for Boston Herald.

William Nardini, Justice Task Force, Boston, MA, for U.S.

### MEMORANDUM AND FINAL ORDER ON MOTION OF BOSTON HERALD TO INTERVENE AND TO VACATE IMPOUNDMENT ORDER (# 595)

COLLINGS, United States Magistrate Judge.

It is ORDERED that the Motion of Boston Herald to Intervene and to Vacate Impoundment Order (# 595) be, and the same hereby is, DENIED to the extent that the Boston Herald seeks an Order unsealing documents ## 361, 362 and 364 in the above-styled cause. The documents were provided by the defendant in order for the Court to determine whether or not the defendant was financially unable to afford the expense of counsel he had retained and, if the defendant's financial inability was determined, to appoint an attorney to represent him in further proceedings in the case.

■ A defendant who can afford to retain counsel is not entitled to have counsel appointed. However, if, during the litigation, the defendant's "reasonably available financial resources are exhausted," he may request that counsel be appointed pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A et seq. ("CJA"). *United States v. Knott,* 142 F.Supp.2d 468, 470–71 (S.D.N.Y.2001). However, the request must "... contain a statement signed under penalty of perjury setting forth the defendant's assets and liabilities as well as his monthly income and expenses." *Id.* at 471. The statement usually is made on a standard form, CJA Form 23,[1] on which the defendant provides specific requested information.

■ This is the procedure which took place in the instant case. Documents ## 361 and 362 are the CJA Forms 23 which the defendant submitted; document # 364 is a statement of the amount which the defendant owed his retained counsel for services rendered in the instant case as of the date he requested appointed counsel. After reviewing the three documents, the Court issued an Order on Motion for Appointment of Counsel on March 11, 2002 and which is denoted document # 366 on the docket.

Documents ## 361, 362 and 364 were placed under seal by the undersigned. Document # 366 was not, nor has it ever has been, sealed; it has always been in the public record.

Documents ## 361, 362 and 364 were sealed pursuant to VII Administrative Office of United States Courts' Guide to Judiciary Policies and Procedures,[2] Chapter V, § 5.01(A) which provides, in pertinent part:

Neither the Freedom of Information Act (5 U.S.C. § 552) nor the Privacy Act (5 U.S.C. § 552a) applies to the Judiciary and neither is applicable to requests for release to the public of records and information pertaining to activities under the Criminal Justice Act (CJA) and related statutes.

Generally, such information which is not otherwise routinely available should be made available unless it is judicially placed under seal, or could reasonably be expected to unduly intrude upon the privacy of ... defendants ...

Upon request, or upon the court's own motion, documents pertaining to activities under the CJA and related statutes maintained in the Clerk's Office open files, which are generally made available to the public, may be judicially placed under seal or otherwise safeguarded until after all judicial proceedings, including appeals, in the case are completed and for such time thereafter as the court deems appropriate.

The reason the Court issued the Orders sealing the documents was that their disclosure would "unduly intrude upon the privacy of the defendant[ ]" and his family.

■ The Boston Herald argues that it has a right of access to these three sealed documents under both the First Amendment and federal common law. The short answer to the argument is that it is meritless. There is no "First Amendment right of access to CJA-related backup documentation, motions, orders and hearing transcripts." *United States v. Gonzales,* 150 F.3d 1246, 1254–61 (10th Cir.1998), cert. denied sub. nom. *Albuquerque Journal v. Gonzales,* 525 U.S. 1129, 119 S.Ct. 918, 142 L.Ed.2d 915 (1999). Further, "the [CJA] statute and regulations ... supercede the

---

**1.** A copy of the form is appended to this Memorandum and Order.

**2.** Hereinafter, "AO Guide".

common law right if one existed." *Gonzales*, 150 F.3d at 1263. These holdings apply to "materials related to the appointment of counsel", *id.* at 1265, and would apply to documents ## 361, 362 and 364 in the instant case.[3] Thus, the Boston Herald has no First Amendment or federal common law right of access to the documents.

 Section 501(a) of the AO Guide does provide the Court some discretion in unsealing CJA documents, particularly af-

ter appeals have been exhausted "and for such time thereafter as the court deems appropriate." I decline to exercise my discretion to unseal the documents at this time because I find that the intrusion on the privacy of the defendant and that of his family if the documents were released would be as substantial now as it was when the sealing orders were entered. Whether I would consider unsealing the documents at some time in the future is doubtful, but in no event would I consider doing so until all appeals are exhausted.

---

[3]. The holdings of the Gonzalez case would also apply to the Order on Motion for Appointment of Counsel (# 366) had it been sealed. However, I elected not to seal that document because it revealed the Court's reasons for its ruling, a matter of public interest, while at the same time, it disclosed little private information about the defendant and did not reveal any information which would have prejudiced the defendant's right to a fair trial.

## FINANCIAL AFFIDAVIT

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

| IN UNITED STATES | G MAGISTRATE | G DISTRICT | G APPEALS COURT or | G OTHER PANEL (Specify below) | LOCATION NUMBER |
|---|---|---|---|---|---|

IN THE CASE OF

_____ V.S. _____

FOR _____

AT _____

**PERSON REPRESENTED** (Show your full name)

CHARGE/OFFENSE (describe if applicable & check box →) G Felony G Misdemeanor

1 G Defendant—Adult
2 G Defendant - Juvenile
3 G Appellant
4 G Probation Violator
5 G Parole Violator
6 G Habeas Petitioner
7 G 2255 Petitioner
8 G Material Witness
9 G Other

**DOCKET NUMBERS**
Magistrate

District Court

Court of Appeals

### ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

**EMPLOYMENT**

Are you now G Yes G No G Am Self-Employed

Name and address of employer: _____

IF YES, how much do you earn per month? $ _____

IF NO, give month and year of last employment
How much did you earn per month? _____

If married is your Spouse employed? G Yes G No

IF YES, how much does your Spouse earn per month? $ _____

If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

**ASSETS**

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the the form of rent payments, interest, dividends, retirement or annuity payments, or other G Yes G No

IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES

RECEIVED $ _____ SOURCES _____

**CASH**

Have you any cash on hand or money in savings or checking accounts? G Yes G No IF YES, state total amount $ _____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? G Yes G No

IF YES, GIVE THE VALUE AND DESCRIBE IT

VALUE $ _____ DESCRIPTION _____

**OBLIGATIONS & DEBTS**

**DEPENDENTS**

MARITAL STATUS
____ SINGLE
____ MARRIED
____ WIDOWED
____ SEPARATED OR DIVORCED

Total No. of Dependents

List persons you actually support and your relationship to them

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: | Creditors | Total Debt | Monthly Paymt. |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _____

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶ _____