Ex parte Lewis Kennedy HARRIS.

No. 62648.

Court of Criminal Appeals of Texas, En Banc.

April 9, 1980.

Paul G. Johnson, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

As we previously ordered, see 593 S.W.2d 330 (Tex.Cr.App.), the judge of the convicting court has conducted an evidentiary hearing and made findings of fact and conclusions of law. The evidence which was introduced was the testimony of the appli-

cant and his former attorney, Pat Walker, and a transcript of a co-defendant's federal habeas corpus hearing. The judge below found:

## "FINDINGS OF FACTS

"1. Mr. Pat Walker, on May 24, 1950, had been out of law school less than six months and had taken only two semester hours of criminal law at the time he was appointed to represent Mr. Harris and his co-defendant on a total of four causes of capital felony.

"2. On the day Mr. Walker was appointed to represent Mr. Harris, he was in the courtroom for the purpose of observing court procedure.

"3. Mr. Walker spent no time conferring with Mr. Harris to determine the facts of the cases and if there were any defenses to the charges against Mr. Harris.

"4. No advise [sic] was given to Mr. Harris that would have promoted his understanding of the law as it related to the facts.

"5. Had any advise [sic] been given Mr. Harris, it would not have been competent for at that time Mr. Walker did not understand criminal law.

"6. No advise [sic] was given to Mr. Harris, so his decision to plead guilty was not an informed and conscious choice.

"7. Mr. Walker was of the opinion that there was an agreement between the District Attorney and Mr. Harris that in return for the guilty plea Mr. Harris would be given a ten year sentence that would run concurrent with the sentence Mr. Harris already had and accordingly, Mr. Walker made no attempt to determine if the plea was voluntary and knowing.

"8. After Mr. Harris was sentenced to life imprisonment, Mr. Walker made no attempt to withdraw the guilty plea.

## "CONCLUSION OF LAW

"1. On May 24, 1950, the time Mr. Pat Walker represented Mr. Lewis Kennedy Harris, Mr. Walker was not capable of rendering reasonably effective assistance of counsel. This was especially true since Mr. Harris was. charged with two capital felonies.

"2. Mr. Lewis Kennedy Harris did not receive reasonably effective assistance of counsel when he pled guilty to Gregg County Cause Numbers 4404–B and 4405–B.

"3. Because Mr. Lewis Kennedy Harris did not receive reasonably effective assistance of counsel this Court recommends that the relief requested should be granted and petitioner should be remanded to the custody of the sheriff of Gregg County to answer the indictments in cause numbers 4404–B and 4405–B."

 A mere, *pro forma* appearance of counsel does not amount to the "Assistance of Counsel" and "due process of law" that are guarantied by the United States Constitution.[1] *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Neither does it afford the "right of being heard by . . counsel" guarantied by the Texas Constitution.[2] These constitutional provisions require that counsel render reasonably effective assistance. *Ex parte Gallegos*, 511 S.W.2d 510 (Tex.Cr.App.1974). A guilty plea rendered without the effective assistance of counsel (or a knowing and intelligent waiver of counsel) is not a voluntary and knowledgeable act, and habeas corpus relief will be granted from such a conviction. *Ex parte Bratchett*, 513 S.W.2d 851 (Tex.Cr.App.1974). In *Bratchett*, counsel talked to his client only three times; he did not interview any witnesses or research the law; he (and the prosecutor) told the defendant that pending charges in another county would be dismissed, although they were not; he advised his client to plead

---

1. U.S.Const. Amends. VI & XIV, Sec. 1.

2. Tex.Const. Art. I, Sec. 10.

guilty for a maximum sentence; and he sent his partner to appear at the trial. We held that he did not render reasonably effective assistance and that the guilty plea was not voluntary and knowledgeable. Counsel in this case was no more (and possibly less) effective than Bratchett's.[3] The convictions cannot stand constitutional scrutiny.

The relief sought is granted. The applicant is ordered released from any restraint imposed by the judgments and sentences in causes 4404–B and 4405–B of the 124th Judicial District Court of Gregg County. By virtue of the indictments pending in those causes, the applicant is remanded to the custody of the Sheriff of Gregg County.

**3.** Counsel commendably testified that his assistance was entirely ineffective. It is undisputed that he is now an experienced and capable attorney.