**UNITED STATES of America, Plaintiff,**

v.

**Thomas P. GIPSON, William R. Shipperley and John R. Stockwell, Defendants.**

**No. G 80–87 CR.**

United States District Court, W. D. Michigan, S. D.

June 9, 1981.

Martin F. Palus, Asst. U. S. Atty., Grand Rapids, Mich., for plaintiff.

Daniel Blandford, Grand Rapids, Mich., for Gipson.

Francis A. Jones, III, St. Joseph, Mich., for Stockwell.

Frederick Milton, Kalamazoo, Mich., for Shipperley.

OPINION

ENSLEN, District Judge.

This matter is before the Court on Defendant, Thomas P. Gipson's (hereinafter Defendant) Motion for Court Appointed Counsel. Presently, Defendant is represented by retained counsel, who in the Court's estimation has heretofore provided Defendant with exemplary services.[1] The Court notes that on May 26, 1981 the Defendant pled guilty to one count of the Indictment and inquiry discloses that, nevertheless, counsel for the Defendant desires to proceed with the Motion. The sole issue is whether that representation should continue through the appointment of counsel. For the reasons discussed below, the

1. The Motion in no way implies that the Defendant is dissatisfied with the legal services rendered by his counsel of record to date. Indeed, the Defendant desires that in the event his Motion is granted that his current counsel be appointed by the Court to continue his defense.

Court is of the opinion that such appointment is inappropriate.

■ The Criminal Justice Act of 1964 provides that the court, "if satisfied after appropriate inquiry that the defendant is financially unable to obtain counsel, shall appoint counsel to represent him." 18 U.S.C. § 3006A(b). Financial inability as considered for the purposes of the Act does not mean indigency. The Defendant does not have to be destitute to be eligible for an appointment of counsel. The Court need only be satisfied that the representation essential to an adequate defense is beyond the means of the Defendant. *United States v. Cohen*, 419 F.2d 1124 (CA 8 1969).

■ In the case at bar, the Defendant has submitted as indicia of indigency a financial affidavit, which after careful consideration by this Court, does not reveal a Defendant without adequate means of obtaining legal representation. The Affidavit discloses that Defendant has approximately $42,850 of assets and a monthly income of $600, being the salary of his wife. Defendant is currently on indefinite lay-off from the Niles Township Police force. In addition, the Affidavit reflects a total indebtedness of $27,785, and total monthly bills of approximately $530.40. Thus far, according to Defendant's allegation in his brief in support, he has expended approximately $2,500 in the furtherance of his defense. Since the Defendant has already pled guilty to one count of the Indictment filed against him in return for the dismissal of the other counts in the Indictment and his cooperation at the trial of co-defendants in this matter, and because that trial is expected to be expeditiously resolved, the Court is of the opinion that the Defendant has sufficient resources to marshall his remaining defenses. I cannot say, based upon his Affidavit as submitted, that the Defendant cannot afford legal counsel of his own choosing.

■ Moreover, even if the Defendant in the case sub judice were unable to afford counsel at this juncture, his present attorney of record, is under a continuing duty to represent him in a punctilious and zealous manner. Lawyers, as guardians of the law, play a vital role in the preservation of our society. As such, it is not only the right but the duty of the legal profession as a whole to utilize such methods as may be developed to bring the services of its members to those who need them, so long as this can be done ethically and with dignity. ABA Opinion 250 (1965).

> (T)here is a responsibility on the bar to make legal services available to those who need them. The maxim, 'privilege brings responsibilities,' can be expanded to read, exclusive privilege to render public service bring responsibility to assure that the service is available to those in need of it. Cheatham, Availability of Legal Services: The Responsibility of the Individual Lawyer and of the Organized Bar, 12 UCLA L.Rev. 438, 443 (1965).

As President Theodore Roosevelt aptly put it, "Every man owes some of his time to the upbuilding of the profession to which he belongs." The soundness and the necessity of President Roosevelt's admonition insofar as it relates to the legal profession cannot be doubted. Vanderbilt, the Five Functions of the Lawyer: Service to Clients and the Public, 40 ABAJ 31, 31–32 (1954). These enlightening principles are embodied in the Code of Professional Responsibility. There, it is stated:

> The legal profession cannot remain a viable force in fulfilling its role in our society unless its members receive adequate compensation for services rendered, and reasonable fees should be charged in appropriate cases to clients able to pay them. Nevertheless, persons unable to pay all or a portion of a reasonable fee should be able to obtain necessary legal services, and lawyers should support and participate in ethical activities designed to achieve that objective. EC 2–16.

In the instant case, counsel for the Defendant should be guided by the exhortations of the aforementioned ethical consideration. See also EC 2–17 and 2–18. Additionally, the Court directs counsel for the Defendant to EC 6–4 where it is stated in

part: "Having undertaken representation, a lawyer should use proper care to safeguard the interest of his client." See for example, DR 2–110, which provides that a lawyer must take reasonable steps to avoid foreseeable prejudice to the rights of his client if the lawyer moves to withdraw his or her services from the case. It appears to the Court that if the spirit and letter of the Code of Professional Responsibility are to be followed in this case, then the Defendant, who has already employed legal counsel is entitled to that particular counsel's best representation regardless of intervening financial difficulties. Counsel's obligation to represent a criminal Defendant is not so slight or so transitory as to obviate the need for undaunted protection from the impending onslaught of the prosecution in the criminal justice system.

Defendant's Motion is therefore DENIED.