Kenneth Ray GLAZE, Appellant,

v.

STATE of Texas, Appellee.

No. 09 81 056 CR.

Court of Appeals of Texas, Beaumont.

Feb. 10, 1982.

Discretionary Review Granted May 19, 1982.

## OPINION

KEITH, Justice.

This is an appeal from an order revoking probation. On September 15, 1980, appellant entered a plea of guilty to a charge of burglary with intent to commit theft. He was sentenced to serve ten years in the Texas Department of Corrections, fined $2,000.00, and ordered to pay restitution of $400.00. Imposition of sentence was suspended and he was placed on probation for ten years.

On March 26, 1981, the trial court found appellant to have violated the terms of his probation, based on stipulated evidence to another burglary. An order was entered revoking appellant's probation and his sentence was reduced under a plea agreement from ten years to six. Appellant's appointed counsel was subsequently furnished with a transcript of the original trial. From evidence therein showing ineffective assistance of counsel, he filed a motion for new trial. Its denial has led to this appeal.

In his sole ground of error, appellant challenges the order revoking his probation, contending the original conviction is constitutionally infirm because of a denial of reasonably effective assistance of counsel. *U.S.Const. amend. VI, XIV; Tex.Const. art. I, § 10.*

■ Generally, failure to appeal when placed on probation waives the right of review. *Rincon v. State,* 615 S.W.2d 746, 747 (Tex.Cr.App.1981); *Hoskins v. State,* 425 S.W.2d 825, 828 (Tex.Cr.App.1967). However, where it is shown that the underlying conviction was the outcome of a trial in which the accused was denied effective assistance of counsel, the Court will review the contention on appeal from an order revoking probation. See, *Ramirez v. State,* 486 S.W.2d 373, 374 (Tex.Cr.App.1972).

Appellant was indicted on March 26, 1980, and shortly thereafter employed Charles Sexton to represent him for an agreed fee of $750, of which he paid $250 at the time

George Barron, Orange, for appellant.

William C. Wright, County Atty., Orange, for appellee.

**254**

of the employment. It was clearly understood between the parties that Sexton was not to represent appellant on the trial unless he was paid in full.

Sexton appeared with appellant at the arraignment and later negotiated a plea bargain; but, about that time, appellant contracted hepatitis, lost his employment, and was unable to make further payments on the fee.

A formal motion for continuance was denied on August 8, 1980. In a letter to appellant written four days later, counsel noted trial was set for September 2, 1980, but that unless the remainder of his fees were paid, he would have to withdraw from the case. Our record does not show the reasons why the case did not proceed to trial on September 2, but does show that it was reset for trial on September 15. An oral motion for continuance by Sexton was denied on September 10. We do not find in our record any motion filed by Sexton seeking leave to withdraw as counsel.

We have no record showing of Sexton's representations to the court at the trial of the case; instead, it is shown that, with Sexton's approval, appellant executed a comprehensive written agreement wherein, inter alia, he waived a jury, entered a plea of guilty to the offense charged, executed a judicial confession, waived his right of appeal, and stipulated that he had received effective assistance of counsel.

But, from the hearing on the motion for new trial, it is undisputed that Sexton had not prepared for trial. He testified that he had not visited the scene of the crime, had not interviewed any witness, had filed no defensive motions, nor made any other preparations for trial. The State made no effort to refute the evidence showing ineffective assistance of counsel.[1]

 Since *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the same standard for review of the effectiveness of counsel has been applied to re-

tained and appointed counsel. As stated in *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Cr.App.1980):

"Until further experience teaches otherwise we will apply here and continue to use the standard of 'reasonably effective assistance of counsel' to test adequacy of representation afforded an accused by retained as well as appointed counsel when the performance is to be judged by the Sixth Amendment right to assistance of counsel made applicable to the states by the Fourteenth Amendment—also by our own 'right to be heard' provision of Article I, Section 10, Bill of Rights, Constitution of Texas."

As stated in *Hurley v. State*, 606 S.W.2d 887, 890 (Tex.Cr.App.1980): "Each should be reasonably competent and neither should render inadequate representation."

 That this standard has been breached in the instant case can scarcely be argued since Sexton's presence at trial was merely a "pro forma" appearance. *Ex parte Harris*, 596 S.W.2d 893, 894 (Tex.Cr. App.1980). Delving further, we find that with respect to a guilty plea, the standard requires that counsel provide the defendant with an understanding of the law in relation to the facts, so as to ensure an informed and conscious choice. *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974); *Ex parte Duffy*, supra. Admonishment in accordance with *Art. 26.13, Vernon's Ann.C. C.P. (Supp. 1982)*, goes far to ensure the entry of a voluntary plea. Its emphasis, however, is on the consequences entailed by an acceptance of the plea. It does not measure a defendant's prior knowledge and understanding of the law in relation to the facts of his case. It follows that counsel's ignorance of the *facts* in this case presents grounds for invalidation of the appellant's guilty plea. See, *Flores v. State*, 576 S.W.2d 632 (Tex.Cr.App.1978). See also, *Ex parte Duffy*, supra.

 Appellant's attestations at trial of satisfaction with counsel should not bar rec-

---

1. Upon oral submission of this cause, State's counsel appeared suggesting that the appellant had been denied the effective assistance of counsel upon the original trial and, in effect, confessed error.

ognition of his actual performance, since its adequacy is gauged from the record as a whole. *Williams v. State*, 522 S.W.2d 483 (Tex.Cr.App.1975). The record here reflects Sexton could not have given effective assistance to his client to allow him to decide upon a guilty plea. Having undertaken to represent the appellant, Sexton should have thereafter used proper care to safeguard his client's interest, regardless of intervening financial difficulties. See, *State Bar Rules, Code of Professional Responsibility, Art. XII, § 8*, esp. *Ethical Consideration 6–4* and *Disciplinary Rule 6–101(A)(3); United States v. Gipson*, 517 F.Supp. 230, 232 (W.D. Mich.1981).

A court cannot function if its officers are permitted to place their own financial interests ahead of the correlative rights of their clients. *Twitty v. Smith*, 614 F.2d 325, 334 (2d Cir. 1979). Nor may retained counsel who has not been fully compensated for past services wait until a critical stage of the proceedings and then bow out of the case leaving the accused and the court to work out the disposition of the case. See and cf. *Steel v. State*, 453 S.W.2d 486, 487 (Tex.Cr.App.1970).

The countervailing factors found in *Ex parte Bain*, 568 S.W.2d 356 (Tex.Cr.App. 1978), are not present here. Sexton was retained and paid, at least partially, for the specific case; he was not authorized to stall the disposition of this case while he collected the remainder of his fee.

But, the question before us is not the determination of Sexton's rights or obligations at the time of the original trial but whether appellant received effective assistance of counsel at that hearing. This determination can only be made by a review of the actions of the trial judge. It is the duty of the judge to maintain proper standards of performance by attorneys, insofar as possible, in their representation of persons accused of crime. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965). The trial judge must ever be alert to avoid the charge that a defendant was subjected to a mockery of justice at a trial.

Here, counsel had several months to prepare his case. No motion to withdraw had been entered in the record. It is understandable that the court would not allow counsel to withdraw on an oral motion based on unpaid fees made five days prior to trial. A continuance honors diligence, not sparse remuneration. But, in order to prevent prejudicial harm to the appellant, the court should have obligated counsel to come prepared by a date which would have allowed enough preparation to ensure a fair trial.

The trial court abused its discretion in overruling the motion for new trial based upon ineffective assistance of counsel; for this error, the judgment is reversed and the cause is remanded for a new trial.

REVERSED and REMANDED.