**Eddie Wayne CARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0157–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Discretionary Review Refused
April 13, 1983.

Ray Bass, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before EVANS, C.J., and DUGGAN and STILLEY, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a plea of nolo contendere to the offense of involuntary manslaughter. A pre-sentence investigation report included appellant's own admission to the interviewing officer that he had in all probability been intoxicated the night his automobile crossed into oncoming traffic and caused a head-on collision, which killed an 11-year old boy and seriously injured his 9-year old brother. The report also showed that appellant had confided to the investigator that he had been intoxicated to the point of passing out at the wheel of his car that night. Appellant was sentenced to three years imprisonment.

Appellant's sole ground of error urges that the trial court erred in overruling his motion for new trial, which asserted ineffective assistance of trial counsel. As authority for his argument that ineffectiveness of counsel is grounds for a new trial, appellant cites the recent decision of *Glaze v. State*, 628 S.W.2d 252 (Tex.App.—Beaumont 1982, writ granted). A dispositive opinion in *Glaze* has not yet been issued by the Court of Criminal Appeals, and we are unable to determine the grounds upon which the Court may have granted writ.

Nevertheless, we note that in *Glaze* the appellant conclusively established as a matter of record that his trial counsel had rendered ineffective assistance of counsel at his plea of guilty:

> But, from the hearing on the motion for new trial, it is undisputed that [trial counsel] had not prepared for trial. He testified that he had not visited the scene of the crime, had not interviewed any witness, nor made any other preparations for trial.

628 S.W.2d at 254. As shown, the trial attorney in *Glaze* testified at the hearing on motion for new trial as to facts establishing his own ineffectiveness. See also *Ex Parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), and cases cited therein.

In direct contrast to the concrete testimony of ineffectiveness displayed in *Glaze* and *Duffy*, appellant's support for ineffectiveness in the present case arises from his appellate counsel's oral rendition of certain excluded testimony presented at the motion for new trial hearing. The record shows that the trial court was of the opinion that ineffectiveness of counsel could not be urged on motion for new trial, and therefore refused to allow appellant's appellate counsel to call witnesses.

At the hearing, appellate counsel presented, by narrative summary, the statements of several persons whom he alleged had not been contacted by trial counsel. He urges these and other omissions to investigate as grounds for ineffectiveness of counsel.

A review of the orally summarized statements of such prospective witnesses reveals that several of these persons would have testified merely that they were unable to form an opinion as to appellant's state of sobriety or intoxication on the night of the accident. The analyst who tested appellant's blood sample would have testified that appellant's blood alcohol level was .07% some three hours after the accident, and that the blood sample contained a trace of methaqualone. In addition, the pre-sentence investigation report contains the analyst's statements that, given a 2% per hour rate of dissipation, appellant's blood alcohol level could have been .13% at the time of

the accident, and that the blood alcohol level could have been aided by the methaqualone. A blood alcohol level of only .10% would have invoked the statutory presumption of legal intoxication. Finally, appellant himself apparently would have stated that his trial counsel basically informed him that "he would be better off under the circumstances" by pleading guilty, and that he was never given the legal definition of "intoxicated." Appellant also alleges various other omissions by appellant's trial counsel, such as failure to read the State's file and failure to visit the scene of the accident.

The record is conspiciously void of any testimony by, or summarized testimony from, trial counsel himself in response to these allegations. The record fails to indicate that trial counsel was requested or subpoenaed to testify at the motion hearing. The evidence as presented by appellate counsel fails to conclusively establish ineffectiveness of counsel; testimony that a potential witness was unable to form an opinion as to appellant's sobriety or intoxication would not have been material, nor was it shown that trial counsel was unaware of the results of the blood alcohol test. Indeed, trial counsel's purported statement to appellant, i.e., that circumstances suggested a guilty plea to be better strategy, would have reflected a contrary state of awareness. We conclude that the record as a whole fails to establish ineffectiveness of counsel that would render overruling of the motion for new trial an abuse of discretion.

An ever-increasing number of appeals raise matters of omission as grounds for ineffectiveness of counsel. Allegations of failure to investigate or visit scenes of crimes usually will not be adequately established in an appellate record. As stated by the Court of Criminal Appeals in *Ex Parte Duffy, supra,*

> Experience has taught us that in most instances where the claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in a shape, perhaps because of the very alleged inef-

fectiveness below, that would adequately reflect the failings of trial counsel. Indeed, in a case such as this, where the alleged derelictions primarily are errors of *omission* [outside] the record rather than *commission* revealed in the trial record, collateral attack may be just the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record.

607 S.W.2d at 513 (original emphasis).

No abuse of discretion by the trial court in overruling the motion for new trial is shown, and appellant's ground of error is overruled. We affirm the conviction.