Clint Warren **HOWARD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–82–01219–CR.

Court of Appeals of Texas, Dallas.

Jan. 24, 1984.

James P. Finstrom, Garland, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before AKIN, VANCE and ROWE, JJ.

ROWE, Justice.

Appellant was convicted of the felony offense of aggravated robbery and was sentenced to confinement for twelve years in the Texas Department of Corrections. He seeks to have this conviction vacated because: (1) he was tried before a magistrate expressly prohibited by the Magistrates Act, TEX.REV.CIV.STAT.ANN. art. 1918c, § 4(b) (Vernon Supp.1982–1983), from presiding over a trial on the merits; and (2) he received ineffective assistance of counsel at his trial. For reasons below stated, we overrule both these grounds and affirm.

The final judgment from which the appellant appeals was signed by Kelly Loving, Judge of the 282nd District Court, which is a court having criminal jurisdiction. This judgment recites that appellant is adjudged by the court to be guilty as charged and by order of the court is to be confined in the Texas Department of Corrections to serve the punishment assessed by the court. The judgment further recites that all proceedings incident to appellant's plea of guilty were heard by the court. The record reflects, however, that appellant and the State entered into a plea bargain agreement and that John Ellis, a magistrate sitting for Judge Loving, presided over those proceedings involving waiver of indictment, stipulation of evidence, waiver of jury, ad-

monishment as to punishment, and acceptance of appellant's judicial confession into evidence. Appellant's complaint relates only to this limited involvement of the magistrate because afterwards, upon appellant's request, all further proceedings were presided over personally by Judge Loving. During these further proceedings, appellant again acknowledged his guilt and confirmed the waivers of his legal rights, and Judge Loving pronounced sentence.

■ Appellant's argument on appeal is based solely on the proposition that because the plea bargain agreement left open the question of punishment, a full trial on the merits was required. As a consequence, section 4(a)(1) of article 1918c is claimed to be inapplicable and section 4(b) is claimed to be applicable.

Section 4(a) The judge of a court having a magistrate appointed as provided by this act may refer to the magistrate any criminal case for proceedings involving: 1) negotiated pleas of guilty before the court; ...

Section 4(b) In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury.

We disagree. The opposite is true. Section 4(a)(1) is applicable because the plea bargain agreement in question was, for purposes of article 1918c, a "negotiated" plea of guilty before the court within the meaning of that section. In exchange for appellant's agreement to plead guilty, the State agreed that the sentence in a related case against appellant (a pending revocation probation for a separate offense) would be identical and would run concurrently with the sentence in this case. Section 4(b) is *not* applicable because the portion of the proceedings presided over by the magistrate was no part of a trial on the merits; the portion which was tried on the merits was presided over by a judge holding the proper constitutional power. A trial is a "judicial investigation and determination of the issues between the parties." *Gulf C. & S.F. Railway Company v.*

*Muse,* 109 Tex. 352, 207 S.W. 897, 899 (1919). It is axiomatic that issues which are undisputed and therefore not contested by the parties do not need to be judicially investigated. Because appellant's guilt was not in dispute, the only issue requiring judicial determination was the appropriate sentence. That issue *was* judicially determined by Judge Loving. Appellant's first ground of error is overruled.

■ Appellant's second ground of error assigns inadequate assistance of counsel as reason for reversal. The appropriate standard of review for such assigned error has become well established through numerous opinions of the Court of Criminal Appeals. Under such decisions, we must first look to the particular circumstances appearing in this record. *Caraway v. State,* 417 S.W.2d 159 (Tex.Cr.App.1967). Also, in reviewing the record we must apply the criteria that "effective counsel" means "not errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *Caraway,* 417 S.W.2d at 162. To the extent this case concerns a guilty plea, we must apply the standard which requires counsel to provide the defendant with an understanding of the law relating to the facts sufficient to insure an informed and conscious choice. *Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir.1974); *Glaze v. State,* 628 S.W.2d 252, 254 (Tex. App.—Beaumont 1982, pet. granted).

■ As noted in *Glaze,* admonishment in accordance with TEX.CODE CRIM.PROC. ANN. art. 26.13 (Vernon Supp.1982–1983), goes far to assure the entry of a voluntary plea. Such an admonishment was given appellant by his court appointed counsel in this case. We do agree, as noted in *Glaze,* that this type of admonishment does not measure a defendant's understanding of the law in relation to the facts of the case. This aspect is especially critical when, as here, a defendant is charged under the law of parties. Appellant's counsel in this case, however, went further and discussed with the appellant the law of parties, explaining the relationship of that law to the factual

268

situation appellant had described to him. Another critical aspect when a defendant pleads guilty is whether the plea is voluntarily made. Here appellant's counsel, who had five years experience primarily in criminal law, testified that he took particular pains to assure himself his client was indeed confessing freely to facts establishing guilt. Under the circumstances, counsel's failure to independently make a more extensive investigation was not unduly detrimental to the client's best interest. Counsel did arrange for a plea bargain which avoided a possible "stacking" of sentences. Adjudged on the record as a whole, appellant did receive effective assistance of counsel. Appellant's second ground of error is overruled.

Affirmed.