## UNITED STATES of America

### v.

### Carlos Arturo RODRIGUEZ–BAQUERO.

### Crim. No. 86–00036–P.

United States District Court,
D. Maine.

May 6, 1987.

Margaret D. McGaughey, Asst. U.S. Atty., Bangor, Me., for plaintiff.

Miguel A. Orta, Miami, Fla., for defendant.

MEMORANDUM OF DECISION AND ORDER ON MOTION TO WITHDRAW BY MIQUEL A. ORTA, ESQUIRE

GENE CARTER, District Judge.

This matter is presently before the Court on the motion of Miquel A. Orta, Esq., P.A., retained defense counsel for Carlos Arturo Rodriguez-Baquero, filed on March 24, 1987, to withdraw as counsel. Under Local Rule 4(b) of this Court, counsel who has entered an appearance may not withdraw "except by leave of Court." U.S. Dist.Ct.R., D.Me. 4(b). The basis of the motion is that the Defendant had agreed to

pay Mr. Orta a retainer of $10,000. Mr. Orta represents to the Court that he has in fact been paid a total of $3,800 as of the time the motion was filed.

It is significant that Mr. Orta served as retained counsel from some date prior to September 12, 1986 to March 12, 1987, when the Defendant appeared before the Court for sentencing pursuant to a plea agreement.[1] The Court rejected the plea agreement and permitted Defendant to withdraw his guilty plea. The matter was ordered returned to the May 1987 Criminal Trial List. At that time, Mr. Orta orally indicated to the Court, for the first time, that he wished to withdraw as counsel because he had not been paid his full retainer. The Court instructed Mr. Orta to file a formal motion seeking leave to do so, such motion to be addressed in due course pursuant to Local Rule 19. That motion was filed on March 23, 1987, eleven days later. On April 7, 1987 the motion was set for hearing to occur on April 23, 1987.

Mr. Orta represented to the Court at the hearing that he had expended the entire $3,800 for *expenses* for necessary travel to Portland in the preparation of the case and for motel expenses during such trips. The result of the hearing was that the Court indicated that it would require from Mr. Orta the prompt filing of an affidavit to that effect. The Court took the motion to withdraw as counsel under advisement subject to prompt filing of the required affidavit. The Court stressed the need for promptitude in complying with the Court's request in view of the fact that the matter was then scheduled, as it is now, to commence trial on May 26, 1987.

The file in the matter came before the Court on May 4, 1987, some eleven days after the hearing on the motion to withdraw and twenty-two days prior to commencement of trial as now scheduled. La-ter in that day the affidavit of Mr. Orta was received by the Court and filed by the Clerk.

The affidavit reflects that Mr. Orta has spent a total of $4,393.35 on airfares, car rentals, motel rooms, and meals during the period from September 12, 1986 through April 22, 1987. He asserts that in addition to those costs, he has "expended monies for Federal Express for motions and pleadings, long-distance telephone calls." Affidavit in Support of Motion to Withdraw, at ¶ 10.

After a full consideration of the motion and the affidavit in support thereof by Mr. Orta,[2] the Court concludes that on the facts of this case the motion must be denied. Mr. Orta elected to enter an appearance on behalf of the Defendant after being only partially paid his apparently agreed-upon retainer of $10,000. He presumably did so in reliance upon the Defendant's ability to pay him the balance due of $6,200. Under Local Rule 4(b), he may not withdraw as counsel unless the Court grants him leave to do so. Moreover, he "is under a continuing duty to represent … [Defendant] in a punctilious and zealous manner." *United States v. Gipson*, 517 F.Supp. 230, 231 (W.D.Mich.1981). Absent an authorized withdrawal of Mr. Orta, the Defendant is not without counsel in this matter. The Defendant has not indicated any desire on his own initiative to change counsel.

The Defendant has been detained without bail since August of 1986. His case is now set for drawing of a jury on May 26, 1987 and subsequent trial. He is entitled to a prompt trial under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982 & Supp. III 1986). The Defendant, having employed counsel, "is entitled to that particular counsel's best representation regardless of intervening financial difficulties." *Gipson*, 517 F.Supp. at 232.

It should also be noted that the motion as filed by Mr. Orta does not comply with this Court's Local Rule 19 in that no supporting memorandum nor certificate that one is not required has been filed by the moving party.

---

1. Mr. Orta's motion to appear *pro hac vice* as counsel for Defendant was filed on September 16, 1986 and was granted by the Court on September 17, 1986.

2. At the hearing the United States Attorney took no position on the motion, asserting that it raised issues for *ex parte* decision by the Court.

Only a single reason is advanced to permit Mr. Orta to withdraw: that, as privately retained counsel, Mr. Orta made a bad deal in accepting employment by and appearing for the Defendant and wishes now to be relieved of the consequences of that transaction. Such withdrawal, however, could occur only to the prejudice of the Defendant's substantial rights and the interests of the speedy administration of justice and judicial economy, and might, apparently, thrust the burden of the expense of counsel upon the public fisc after Mr. Orta had received and spent significant assets of the Defendant which otherwise would have been available to help defray the expense of court-appointed counsel. The Court finds that, were Mr. Orta now to be permitted to withdraw, significant additional delay would be occasioned because of the need for the Court to consider whether the Defendant is eligible for court-appointed counsel and, if so, to arrange for such appointment and afford such counsel appropriate time to prepare to go to trial. Obviously, all of this cannot be attended to prior to May 26, 1987.

In addition, Mr. Orta cannot be appointed as counsel pursuant to the Criminal Justice Act because he is not eligible for membership on the panel of attorneys available for such appointment under the "Plan for the Adequate Representation of Defendants Pursuant to the Criminal Justice Act of 1964, as amended," now in place in this district. *See* Plan ¶ 2, at 5. Even were he eligible, he would not, in all likelihood, be appointed under the Criminal Justice Act at this stage of the case in the circumstances that exist herein. "The Criminal Justice Act is not a form of federal fee insurance guaranteeing payment to counsel for the failure of his retained client to honor a fee agreement." *United States v. Thompson,* 361 F.Supp. 879, 887 (D.D.C.1973).

Considering all of the competing interests discussed above, it is apparent to the Court that on balance Mr. Orta's interest in relieving himself of the consequences of his own private contractual arrangement with the Defendant cannot outweigh the other substantial interests of the Defendant, the Court, and the administration of justice.

Accordingly, Mr. Orta's motion to withdraw as counsel is hereby DENIED.

So ORDERED.