Charles Edward **TAYLOR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–94–00222–CR.

Court of Appeals of Texas,
Texarkana.

Argued April 25, 1995.

Decided May 2, 1995.

Ebb B. Mobley, Longview, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Charles Taylor appeals from his conviction for the offense of possession of a controlled substance, complaining that the trial court erred in permitting him to represent himself at trial. We affirm the judgment.

Taylor was indicted in May 1994. Robert Nisbett served as Taylor's defense counsel until July 8, 1994, when Taylor orally requested that he be permitted to represent himself at trial. The trial court granted Taylor's request, but appointed Nisbett as standby counsel. The trial began approximately two weeks later. In the midst of cross-examining the State's first witness, Taylor relinquished his right to self-representation and asked that Nisbett act as his legal counsel. Taylor and his attorney agreed to stipulate to the evidence and, after being given the proper admonishments by the court, Taylor changed his plea to guilty.

Where there is no plea bargain and a guilty plea is voluntarily and understandingly made, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *Shallhorn v. State,* 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App. 1972). Taylor entered an open plea of guilty and does not attack the voluntariness of that plea on appeal. Taylor has waived any error regarding the trial court's decision to permit him to represent himself.

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

Taylor contends that he was not properly represented by counsel. It is fundamental in Texas law that a guilty plea rendered without the effective assistance of counsel is not a voluntary knowledgeable act. *Ex parte Harris,* 596 S.W.2d 893 (Tex.Crim.App.1980). Therefore, to say that Taylor's "voluntarily and understandably made" guilty plea waives his challenge to a lack of representation does not address the issue in the case.

I concur in the results because there is no showing that Taylor's self-representation affected the outcome of his case in any manner. His standby counsel became his active counsel at Taylor's request when Taylor relinquished his right to self-representation. It was at this point that Taylor and his attorney withdrew his not guilty plea, agreed to stipulate the evidence, and entered a plea of guilty. Thus, Taylor had counsel at all times pertinent to the disposition of the case by the plea of guilty. Taylor did not demonstrate that his plea of guilty was compelled by his lack of representation and that he did not knowingly waive his right to counsel under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Thus, he did not show that harmful error was committed by the trial court.